



**VICTOR M. URBAEZ, ESQ.**
COUNSELOR AT LAW
295 Broadway
Paterson, NJ 07501
Tel: 201-540-8722
Fax: 201-584-0272
vicurbaez@hotmail.com
vicurbaez@hotmail.com

TUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTUTU T

April 19, 2020

Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: United States of America v. JeanCarlos Laureano et al
Indictment #: 19-cr-666

Dear Hon. Karas:

Defendant JeanCarlos Laureano, by his counsel and pursuant to 18 USC § 3145(b); respectfully motions the Court to review and reconsider his current bail status so that he can be released due to (1); the outbreak of the Coronavirus Pandemic and (2); as a minor participant in this matter he is not a flight risk or poses any danger to the community as previously thought. In support thereof Counsel represents as follows:

## STANDARDS FOR BAIL

The Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." Pretrial release "permits the unhampered preparation of a defense," "serves to prevent the infliction of punishment prior to conviction," and protects the presumption of innocence. Under the Bail Reform Act, a court may order a defendant released on his/her own recognizance, or if the Court deems necessary, with the least restrictive condition, or combination of conditions, to reasonably assure the appearance of the defendant and the safety of the community, United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No 98-255 at 7, as reprinted in 1984 U.S.C.C.A.N. 3182, 3189). Stack v. Boyle, 342 U.S. (1951). Only if the Court finds that no conditions will reasonably assure the defendant's appearance or the safety of the community should the Court order the defendant detained prior to trial.

Moreover, In making a bail determination, the Court must consider the factors set forth at 18 U.S.C. § 3142(g), including: (i) the nature and circumstance of the offense charged; (ii) the weight of the evidence against the person; (iii) the history and characteristics of the person; and (iv) the nature and the seriousness of the danger to any person or the community that would be posed by the person's release.

## PRECEDURAL HISTORY

On October 18, 2018 Defendant JeanCarlos Laureano appeared before the Honorable Lisa Margaret Smith for a bail hearing. At the conclusion of the hearing Mr. Laureano's bail application was denied based on flight risk and danger to the community. In the indictment, Mr. Laureano's name appears third out of eleven total Defendants. Count one of the indictment charges Mr. Laureano with narcotics conspiracy to sale crack cocaine in an amount exceeding 500 grams.

## ARGUMENT

### OVERT ACTS AS PER INDICTMENT

Contrary to the accusation and the fact that Mr. Laureano's name appears third in the indictment out of a total of eleven co-defendants; to date, all evidence indicate that Mr. Laureano remains at best a minor participant. According to the indictment Mr. Laureano is seeing engaging in a number of drug transactions to which the government does not quantify any amount or type of drug. Moreover, during these transactions singling out Mr. Laureano's overt acts no drugs were seeing exchanged hands, confiscated or found on anyone including Mr. Laureano. In addition, there is nothing in the indictment by way of overt acts in which Mr. Laureano organized, participate or conspired to sell narcotics to an undercover police officer or confidential informant. Finally, in the indictment there are two major sell of crack cocaine; one for 250 grams and a second for 290 grams. Once again, the indictment fails to single out the overt acts of Mr. Laureano as it pertains to these two particular sell transactions.

### OVERT ACTS AS PER DISCOVERY

In later discovery it was revealed that Mr. Laureano's overt acts may have included a total sell of approximately 2.5 grams of crack cocaine. Once again just like the indictment, discovery too failed to single out the overt acts of Mr. Laureano as it pertains to these two major crack sell in excess of 500 grams. There is nothing remotely solid in the discovery record suggesting that Mr. Laureano is a major player, manager, organizer or conspirator. Mr. Laureano can't be held accountable for selling and conspiring to sell over 500 grams of crack cocaine without any evidence or proof from the government. Mr. Laureano cannot be held on ramp up charges without any legal basis or evidential justification. In fact, I dare say that Mr. Laureano is being brought up on, "*My Brother's Keeper*" charges and paying for the transgressions of others without his knowledge or involvement.

In this instance, the government has provided hundreds of pages of discovery. Such discovery consists of reports, wiretap records, surveillance recordings, photos, videos and phone records. To date, there is not a single piece of evidence that points to Mr. Laureano as being a ringleader, manager, organizer, conspirator or a major player. Again, the fact that Mr. Laureano's

name is third in the indictment; and thus, viewed as a major player, cannot be substantiated with evidentiary proof or rebutted now that the discovery period is complete.

## OCTOBER'S BAIL HEARING

On that note, during Mr. Laureano's bail hearing six months prior the government pushed the argument that discovery was still ongoing. The government made the court aware that additional discovery was being processed which could further implicate Mr. Laureano's partake in the conspiracy. However, that is simply not the case. Today, discovery has been completed and after a full and thorough review of the evidence against Mr. Laureano the government has not produced any new information further indicating him above and beyond that of a minor participant.

The Court's decision to deny bail for Mr. Laureano back on October 18, 2019 was based on limited discovery and the prospect that Mr. Laureano may be a major player. At least that was one of the government's main arguments. The Court seem unsure as to whether to treat Mr. Laureano as a major or minor participant. However, now that discovery is complete and the dust has settled, the Court now has a better clearer understanding as to the specifics of Mr. Laureano's overt acts for bail detention or release purposes. Here, Mr. Laureano should be afforded bail given that the government at this juncture and six months later cannot demonstrate by clear and convincing evidence that Mr. Laureano's role was that of a major player responsible for more than 500grams of crack cocaine.

## HEALTH AND SAFETY AT RISK

In addition to the aforementioned, at the present moment, Mr. Laureano is in isolation at the Westchester County Jail because many of the inmates in his unit have tested positive for the Coronavirus. On April 2, 2020 it was reported that at least 23 Westchester County Jail Workers and 6 inmates tested positive for Coronavirus. Moreover, presently no civilian visitation is allowed at the jail because of the virus. In addition, both Governor Cuomo and Mayor Bill de Blasio have declared a state of emergency throughout the state and city of New York. At the present moment New York is considered a major disaster area. People are mandated to practice social distance at a minimum of six feet apart. Here, Mr. Laureano should be treated as a low level offender and released out of safety and health concerns. Again, in view of the fact that Mr. Laureano is a minor player for all the reason so stated, his release from the Westchester County Jail out of an abundance of caution for his personal safety should be granted.

## FIGHT RISK/DANGER NOT APPLICBLE

For all the reasons stated above, Mr. Laureano poses no flight risk or danger to the community. Here, the charges against him are not of a violent nature, involve weapons or include a large quantity of drug sell. Moreover, Mr. Laureano does not have any history of violence or weapons arrest. One a reasonably argue that Mr. Laureano's involvement does not rise to the level of a B-1-A. In fact as per the discovery presented Mr. Laureano's overt acts fall in the range of B1-C category. This drastically reduces the fight/danger factor exponentially.

In addition, Mr. Laureano is a born United States citizen and a lifelong resident of the City of New York. His entire immediate and extended family all live in the Tri-State Area. This

includes his daughter and the mother of his child. He is fully backed by the support, love and care of his entire family. This again, gives Mr. Laureano very strong ties to the community which helps the court in assessing the flight/danger factors. Mr. Laureano does not even have a valid United States passport. He has not been outside the United States in over ten years and does not leave the state of New York for travel or vacation purposes.

Finally, at the time of his arrest, Mr. Laureano was gainfully employed on a full time basis at Elite Glass Installation located in Kaerny New Jersey. He was working on the books where he was paid bi-weekly via a check. The check stubs reveal that he was working well over 40 hours per week. All indication point to the fact that Mr. Laureano was starting to turn his life around. He was going from home to work and back home. He was becoming a positive and productive member of society for all intent and purposes. At the time of his arrest he had been working for approximately three months. These strong community ties certain help reduce the risk of flight/danger by Defendant.

There are conditions of release that can be implemented to provide greater assurance against risk of flight; for example, increased bail, closer supervision, and electronic monitoring, that could allay the Court's concerns in that regard.

## CONCLUSION

Wherefore, for all the reasons aforesaid, Defendant respectfully moves the Court to review and reconsider Mr. Laureano's current bail status and release him with the necessary conditions deemed fair and just pursuant to 18 USC § 3142(i). Counsel hopes and prays for your Honor's better judgment.

The Government is to respond to this letter by 4/21/20.

So Ordered.

4/21/20

Respectfully Submitted,

_//S//__VMU_____

Victor M. Urbaez, Esq.
Attorney for Defendant
JeanCarlos Laureano

Cc: All Counsel &
AUSA Christopher Brumwell